# In the United States Court of Federal Claims

No. 20-412
(8 July 2021)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
|  |  |
|---|---|
| MAKETA S. JOLLY, | \* |
|  | \* |
| Plaintiff, | \* |
|  | \* |
| v. | \* |
|  | \* |
| THE UNITED STATES, | \* |
|  | \* |
| Defendant. | \* |
|  | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

On 20 May 2021, the Court denied the government's motion to dismiss.  *See* Opinion and Order, ECF No. 18.  On 17 June 2021, the government filed a motion pursuant to Rule 59(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC") requesting the Court reconsider the 20 May 2021 opinion.  *See* Motion for Reconsideration, ECF No. 20 ("Motion for Reconsideration").  The government contends the Court erred in finding plaintiff satisfied the *Flora* full payment rule to sue for a tax refund in the United States Court of Federal Claims.  *See, generally, id.*

After considering the government's Motion for Reconsideration, and plaintiff's pro se status, the Court **ORDERS** supplemental briefing from both parties, beginning with the government's opening supplemental brief.  According to RCFC 59.1(f), "[t]he court may not rule in favor of a motion under [RCFC 59.1(a)(1)] without first requesting a response to the motion."  The Court orders plaintiff's response to the government's Motion for Reconsideration and to the government's opening supplemental brief as one response.  The Court's consideration of the government's Motion for Reconsideration is **STAYED** until supplemental briefing concludes.

The parties shall address the following questions in their supplemental briefing:

(1)  In its motion to dismiss plaintiff's petition in the Tax Court, the government represented "no notice of deficiency was issued to petitioner for tax years 2017 and 2018, nor has respondent made any other determination with respect to tax years 2016 through 2018 that would confer jurisdiction on the Court."  *Jolly v. Commissioner,* No. 17172-19, slip op. at *1 (T.C. Mar. 11, 2020) ("*Jolly*").  In the government's briefs before this Court, the government represented the Internal Revenue Service ("IRS") issued a notice of deficiency for the 2017 assessment.  Reply in Supp. of the United States' Motion To Dismiss, ECF No. 14, at 2 n.2 ("Counsel for the United States was unable to obtain the IRS administrative file for the 2017 tax year.  Presumably, however, a similar notice of deficiency was issued with respect to that

year."); Motion for Reconsideration at 8 ("[T]he issue of the validity of the 2017 assessment is not properly before the Court."), at 10 n.6 ("There is no dispute that the IRS assessed taxes for 2017."). Is the government judicially estopped from making conflicting representations to this Court and the Tax Court, since the Tax Court credited the government's representation and granted the government's motion to dismiss? *See Agility Pub. Warehousing Co. K.S.C.P. v. United States*, 969 F.3d 1355, 1368 (Fed. Cir. 2020) (quoting *Data Gen. Corp. v. Johnson*, 78 F.3d 1556, 1565 (Fed. Cir. 1996)) ("The doctrine of judicial estoppel is that where a party successfully urges a particular position in a legal proceeding, it is estopped from taking a contrary position in a subsequent proceeding where its interests have changed.").

(2) In dismissing plaintiff's 17 September 2019 petition, the Tax Court found "[t]he record . . . reflects that no notice of deficiency for tax years 2017 and 2018 nor any notice of determination was issued to petitioner for tax years 2016 through 2018 that would confer jurisdiction upon [the tax court]." *Jolly* at *2. The government represented to this Court the IRS issued a notice of deficiency for 2017. *See supra.*

       a. If the notice of deficiency was issued after 17 September 2019, does the newly issued notice of deficiency confer jurisdiction upon the Tax Court?

       b. If the notice of deficiency was issued before 17 September 2019, but the Tax Court determined "[t]he record . . . reflects that no notice of deficiency for tax years 2017 and 2018 . . . was issued to petitioner," can the government argue before this Court the validity of a 2017 notice of deficiency is still at issue? *See* Motion to Reconsideration at 8 ("[T]he issue of the validity of the 2017 assessment is not properly before the Court.").

       c. Since 17 September 2019, did the IRS issue any notice of determination to plaintiff that may confer jurisdiction upon the Tax Court?

(3) In *Flora v. U.S.*, the Supreme Court found the Tax Court was created to alleviate the hardship caused by the full payment rule. *Flora v. U.S.*, 362 U.S. 145, 158–59 (1960). Chief Justice Warren clarified, because "[t]he payment of a large additional tax . . . often causes financial hardship and sacrifice, [which] are not remediated by permitting the taxpayer to sue for the recovery of the tax after this payment," "[the taxpayer] is entitled to an appeal and to a determination of his liability for the tax prior to its payment [in the Tax Court]." *Id.* at 159. The *Flora* Court's reasoning assumes a balance of jurisdiction between the Tax Court and the Court of Federal Claims, so when there is financial hardship due to a large additional tax, the taxpayer can sue in the Tax Court as an alternative to the full payment rule. *Id.* at 163 ("The result [of Congress establishing the Tax Court] is a system in which there is one tribunal for prepayment litigation and another for post-payment litigation.").

In this case, plaintiff challenged her 2017 tax assessment in the Tax Court before coming to this Court, but the Tax Court dismissed her petition because the government failed to issue a notice of deficiency for 2017, which is "the taxpayer's ticket to the Tax Court." *Jolly* at *1. Since the Tax Court no longer serves plaintiff as the *Flora* Court intended to avoid "financial hardship" with alternative to full payment, does the *Flora* full payment rule still apply to

plaintiff's claims before this Court, especially where plaintiff is also seeking tax refunds for later-year filings?  *See* Opinion and Order, ECF No. 18.

      (4)  If the IRS makes a clerical error on a tax transcript showing a taxpayer owes "a large additional tax . . . [that] causes financial hardship and sacrifice," *Flora*, 362 U.S. at 159, and the IRS does not issue a notice of deficiency to the taxpayer, can the taxpayer's claim be reviewed by any court without full payment?

      (5)  Is it a due process violation for the government to require full payment without issuing a notice of deficiency before any court can find jurisdiction for a taxpayer's claim?

      The Court establishes the following schedule for supplemental briefing:

| Event | Date |
|---|---|
| The government files its opening supplemental brief | 5 August 2021 |
| Plaintiff files her response to the Motion for Reconsideration and to the government's supplemental brief | 2 September 2021 |
| The government files its reply | 16 September 2021 |

The government's opening brief and plaintiff's response shall be no longer than 20 pages.  The government's reply shall be no longer than 10 pages.

      **IT IS SO ORDERED.**

               s/ Ryan T. Holte

               RYAN T. HOLTE
               Judge