Maketa S. Jolly M.Ed., ABD
101 East Baltimore Pike # 127
Media, Pennsylvania 19063
Phone | 610.515.5154
Fax | 800.476.0787
Email | mjolly@jollyeducationconsultant.com

IN AND FOR THE UNITED STATES FEDERAL CLAIMS COURT

WASHINGTON, DC 20002

| | |
|---|---|
| MAKETA S. JOLLY,<br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES GOVERNMENT, INTERNAL REVENUE SERVICE<br>　　　　Defendant | Case No. 20-412T<br><br>Judge Ryan T. Holte<br><br>**MEMORANDUM OF LAW OPPOSING UNITED STATES SUPPLEMENTAL BRIEF** |

　　　Type body of pleading here.

　　　Dated this day of Month, year.

_____
　　　Attorney Name

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY..." 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.

7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

# MEMORANDUM OF LAW OPPOSING UNITED STATES SUPPLEMENTAL BRIEF

Case # 20-412T

Honorable Ryan Holte



Maketa S. Jolly

# Table of Contents

**Table of Authorities** .................................................................................................................. ii

   Introduction.................................................................................................................................. 1

      Opposing Statement ................................................................................................. 3

**Responses To Questions** ........................................................................................................ **4**

         Judicial Estoppel..............................................................................................

         Due Process Violations...................................................................................

         IRS Collection Due Process Violations..........................................................

         Administrative Procedure Violations..............................................................

         Fair-Hearings, Failures of Administrative Fair Hearings...............................

   Flora Rule.................................................................................................................................... 5

      Due Process............................................................................................................... 6

         Recovery of Assessable Erroneous Refunds**.........................................................6**

**Constitutional Considerations**………………………………………………….……..7

     Illegal Seizure of Property......................................................................................7

     Fourth Amendment violations................................................................................7

**Unjust Levy Provisions**...........................................................................................................8

        Collection Due Process (CDP) Hearing.........................................................................9

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY…" 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.

7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

Notice of Intent to Levy. §§ 6320(a)(1) and 6330(a)(1) Internal Revenue Code IRC 6320, Letter 3172 ................................................................................................................................................10

**Internal Revenue Service Internal Due Process Procedures** ...........................................................11

Publications LT11 or L-1058..........................................................................................12

**IRS Restructuring and Reform Act of 1998**...........................................................................13

Title 31 CFR Subtitle A, Part 10....................................................................................14

26 USC §7602, 26 USC §7622.........................................................................................15

7 J. Moore, Federal Practice, ¶ 81.06 [1], p. 4442 (2d ed. 1970) ……………………………..16

**Rules of Practice and Procedure of the United States Tax Court (1973)** …………………………17

Burden of Proof………………………………………………………………………….....18

**9 J. Mertens, Law of Federal Income Taxation § 50.65 (1971)** ..................................................19

Bill of Rights...........................................................................................................20

Administrative Procedure Act..........................................................................................2

# Table of Authorities

## Cases

United States v. Powell, 379 US 48 - Supreme Court 1964…………………………………………….1

Ryan v. United States, 379 U. S. 61 (1964)…………………………………………………………..3

United States v. Powell, 379 U. S. 48 (1964)…………………………………………………………..3

*Bull* v. *United States,* 295 U. S. 247, 259-260 (1935)……………………………………………..4

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY..." 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.

7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

*Lucas* v. *Structural Steel Co.,* 281 U. S. 264, 271 (1930)……………………………………………6

*Welch* v. *Helvering,* 290 U. S. 111, 115 (1933); Rule 142 (a)……………………………………….7

*Helvering* v. *Taylor,* 293 U. S. 507, 514-515 (1935)..........................................................................8

United States v. Janis, 428 US 433 - Supreme Court 1976.................................................................9

*Hoffa* v. *United States,* 385 U. S., at 300-303...................................................................................10

*Vitarelli* v. *Seaton, supra,* at 547......................................................................................................11

United States ex rel. Accardi v. Shaughnessy, supra........................................................................12

Service v. Dulles  354 U. S., at 388...................................................................................................13

Morton v. Ruiz....................................................................................................................................*14*

*American Farm Lines* v. *Black Ball Freight Service,* 397 U. S. 532, 538 (1970),..........................15

*Bridges* v. *Wixon,* 326 U. S. 135 (1945)...........................................................................................16

**Opposing Statement**

The important issue presented in this case is whether the Internal Revenue Service internal process failures have eroded the civil and constitutional rights of citizen through the abrupt departure of civil income tax assessment procedures. The Bill of Rights and all provides private and constructional protections that forbid such trickery among lay persons. The conflicting message laid out in the government's argument in Jolly v IRS Commissioner denies the very essence of the Rule of Law that arcs the balance of judicial fairness. What administrative agency could report/ scribe statutory processes from which the agency itself is not bound. The judicial body has spoken as the IRS regarding the absence of the

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY..." 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.

7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

Flora rule as mentioned below yet used for leverage for the redaction of human rights and responsibility that continual erodes the financial viability of the Plaintiff.

If in fact the Taxpayer Bill of Rights reigns true, The Right to Be Informed, The Right to Privacy, The Right to Pay only the Tax amount owed, and The Right to Challenge the IRS's Position and Be Heard are among these. Without fair hearings, notices, or appropriate statutory mechanisms to which all else apply were removed from the process, how would the act of Flora, or none have greater value than the United States Constitution. The right to hearing is that which **resides in both the Sixth Amendment** as well as the Fourteenth Amendment. A right to hearing entails that an individual maintains and be afforded the legal right to be heard in the venue of a court of law with adequate due process is attached.

The optics here are un-important in terms of year of deficiency notice. If the reported IRS acts were enacted without fair hearings that ushered in delineation of due process, as apparent in the absence of 2017 deficiency notices, well, the Plaintiff's constitutional and civil rights were violated, (right to be heard) and a right to an administrative appeal. So, the Flora position pales in comparison to the emotional and constitutional, civil liberties abuses witnessed herein.

Although due process tolerates variances in procedure "appropriate to the nature of the case, it is nonetheless possible to identify its core goals and requirements. First, "[p]rocedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Thus, the required elements of due process are those that "minimize substantively unfair or mistaken deprivations" by enabling persons to contest the basis upon which a state or government proposes to deprive them of protected interests. The core of these requirements is notice and

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY…" 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.

7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

a hearing before an impartial tribunal. Due process may also require an opportunity for confrontation and cross-examination, and for discovery; that a decision be made based on the record, and that a party be allowed to be represented by counsel. Outside of these avenues, the IRS acts of property removal violated natural and human rights of the Plaintiff.

### Recovery of Assessable Erroneous Refunds

Recovery may be made by tax assessment procedures to the extent an erroneous refund results from an erroneous abatement due to a substantive redetermination of tax liability. The assessment may be recovered through tax collection procedures. However, where there are mishaps in procedural mechanisms, due process is eroded. The fundamental back drop for which democracy is built relies upon, fair hearings, administrative procedures, if administrative, and responsive internal remedies. However, that was not the case in this matter. To say, nowhere within any instrument does the government provide evidence of a deficiency, rather cite deficiencies of unknown origin.

The law of evidence, also known as the rules of evidence, encompasses the rules and legal principles that govern the proof of facts in a legal proceeding. However, across the band of tax years 2016 through the present, there lacks evidence that there were deficiencies associated with the irresponsible removal of tax returns. For instance, amended 2016 tax return, appended Exhibit A reflects an additional return for tax year 2016 in the sum of 616.00 dollars. Wherefore, there lacks an amount owed for tax year 2017, may be the causes for the absent deficiency notice.

> When a constitutional right conflicts with an evidentiary
> rule that would otherwise bar or allow a piece of evidence to be
> admitted at trial, should the constitutional right always be a
> "trump"? Since the U.S. Constitution is the supreme law of the
> [Vol. **101:57**]

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY…" 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.

7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

*CONSTITUTIONAL LAW*
land, one would expect constitutional rights to apply and to then change the result at a civil proceeding.

Federal Rules of Civil Procedure Rule 103 (a) (2) A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party. Where there is a fundamental right to be heard before any administrative proceeding, the absence of such ushers in injury, among other things. **(2)** if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context. Since the IRS failed to respond to the amended tax returned timely filed, the adoption of such took hold, whereby IRS agents failed to return, or remit the & $ 616.00 dollars owed for tax year 2016. Let us be clear, the record clearly reflects an amended 2016 tax return, where there lacked difference, the act of deficiency notice without process remains deficient.

Internal Revenue Statutory Notices of Deficiency provides upon disagreement with the terms of the assessment, taxpayers are able to remedy IRS matters through the use of Tax Courts. In Jolly v Tax Commissioner's, the argument and summary provided "Where there lacked a deficiency notice" the matter is filed in an inappropriate venue. Hereto, the IRS alleged the absence of deficiency notices while removing judicial fairness to process that eroded internal statutory language.

1. The purpose of a notice of deficiency is as follows:

    A. To comply with IRC 6213.

    B. To ensure the taxpayer is formally notified of the IRS intention to assess a tax deficiency.

    C. To inform the taxpayer of the opportunity and right <u>to petition the Tax Court to dispute the proposed adjustments.</u>

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY…" 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.
7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

When taxpayers disagree with a tax determination, they may petition the United States Tax Court (Tax Court) for a judicial determination of the tax liability after receiving a notice of deficiency, <u>without prior payment in full of the tax at issue.</u> This section outlines procedures used by Technical Services' staff for preparing, reviewing, and issuing statutory notices of deficiency under IRC 6212, Notice of Deficiency. Unfortunately, you can not have it both ways. The argument of *Flora* would be futile given the statutory language embedded in the internal Revenue Service statutory processes.

The process through which assessments are defined and processed within the IRS require a TA case manager to review matters, as absent from the erosion of the three- year battle. **4.8.9.6.2 (07-09-2013)**

**Cases Assigned to TCO/TA Reviewers**

1. TCO/TA reviewers prepare statutory notices of deficiency for all other unagreed TCO cases that are not reviewed and prepared by TE reviewers.

Where there was an opportunity to resolve the matter internally, interna; process was bypassed for the erosion of civil rights reported herein as the abrupt removal of property.  All cases that require a statutory notice of deficiency require a limited review of unagreed issues and procedural requirements. The case should be able to withstand the scrutiny of appeals and potential litigation in United States Tax Court.

Within language reported in the IRS positioning there lacks conversations regarding internal process and responses to the amendment 2016 tax return. If no taxes were owed for those years, the abrupt seizure of such was a constitutional violation of epic proportions. Reviewers must determine if the

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY..." 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.
7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

case is sufficiently correct to support the issues, which may require returning the case to the group examiner for clarification or error correction using Form 3990, Reviewer's Report. The reviewer should correct the error(s) in the case without returning it to the examiner, if at all possible. (IRC 6120., reporting).

**Internal Revenue Debt Collection Procedures**

The IRS must first issue a formal Notice of Intent to Levy and Your Right to a Hearing, which is the next step after this notice. This final notice advises you of your right to a Collection Due Process (CDP) hearing with the IRS Independent Office of Appeals before levy action is taken.  A CDP hearing is an opportunity to discuss alternatives to enforce collection and permits you to dispute the amount you owe if you have not had a prior opportunity to do so. Notice CP504.

Publication 1660 Letter 3172 gives citizens 30 days to request a Collection Due Process (CDP) hearing to discuss the lien filing. CDP hearing requests could be made using Form 12153 if Levy actions were believed inappropriate. However, as explained in Publication 1660, in a CDP hearing with appeals, you can only discuss the existence of or amount that you owe under limited circumstances. If Appeals cannot consider the underlying liability, you have three options to re-open that issue. Since there lacks an evidence, production of additional W2 earnings or no one else reputes that the 2016 tax amendment figures were not accurate. For what purpose would the subsequent continuation of tax return seizures be appropriate conduct.

The IRS receives information from third parties, such as employers and financial institutions. Using an automated system, the Automated Underreported (AUR) function compares the information reported by third parties to the information reported on your return to identify potential discrepancies. When a

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY…" 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.
7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

potential discrepancy is identified, a tax examiner further reviews the return, comparing the information reported to the IRS by employers, banks, businesses, and other payers on income documents (Forms W-2, 1098, 1099, etc.) to the income, credits, and deductions you report on your income tax return. If a discrepancy exists, a Notice CP2000 is issued. The CP2000 isn't a bill, it's a proposal to adjust your income, payments, credits, and/or deductions. The adjustment may result in additional tax owed, or a refund of taxes paid.

The problem is, the IRS failed to provide CP2000 notification proper to the submission of deficiencies and all else. To date, there lacks evidence that the Plaintiff was employed with employers of tax reporting. Since we know that each year some corporations engage in illegal or reporting of inaccurate information for the benefit of their own tax liability, these forms should have been offered to the Plaintiff for review, or verification as indicated within the 2106 IRS tax amendment filing.

## Administrative Procedure Rules

The Administrative Procedure Act (APA) is the statutory constitution of administrative government. It sets out the default rules that govern how federal agencies act and how they can be challenged, and embodies important administrative law norms, such as procedural regularity and reasoned decision-making. When agencies such as the IRS defy these rules for unknown reasons, and later impose acts pursuant to them, violations of the constitution occur.

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY..." 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.
7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

The APA contains two main sets of requirements. One set governs procedure, and the other set governs judicial review. On the procedural front, the APA divides the world into "rulemaking" and "adjudication." It does this definitionally, by providing that everything that isn't rulemaking is adjudication. Since the IRS has failed the metrics for which Congress ahs established the agencies administrative rules, the Flora argument definitely is removed from this conversation. To say, the act of deficiency notice is bound within the agency's procedures, the absence of such means that the agency operated outside of regulatory and statutory guidelines of the rules. Section 706 of the APA sets out a number of different challenges that might arise from agency action or an agency's failure to act. In this way, the agency had a duty to act when amendments and requests for fair hearings were requested and failed to do so.

Two important U.S. Supreme Court decisions on procedural challenges are *Vermont Yankee v. NRDC* in 1978, and *Perez v. Mortgage Bankers* in 2015.Both rejected efforts by lower courts—actually, the D.C. Circuit—to impose additional procedures (such as witness cross-examinations) on rulemaking when these procedures are not required by the APA (or by the substantive statutes or the Constitution). On the other hand, lower courts have read some of the procedures imposed by the APA broadly, and *Vermont Yankee* and *Perez* aren't read as calling those decisions into question. Here, the Plaintiff calls into question if the government has attempted to vary the rules to meet the needs of the abortion of the internal statutory rules absent from tax procedures.

## FLORA RULE

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY..." 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.

7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

The Supreme Court held that, under 28 U.S.C. § 1346(a)(1), taxpayers seeking to file federal tax claims against the government in federal court must pay the full amount of tax *prior* to filing suit. *See Flora v. U.S.*, 362 U.S. 145, 177 (1960).  As a result, many taxpayers with large tax assessments often find it more difficult to obtain judicial review of IRS actions, particularly where important procedural rights are lost due to inaction. However, where the agency failed to review the tax matter through the use of statutory and administrative rules, the act of remove is akin to judicial interventions of judicial estoppel.

By its own terms, 28 U.S.C. § 1346(a)(1) only applies to "internal-revenue taxes" and claims related to "internal-revenue laws."  Clearly, federal income taxes and penalties within Title 26 of the United States Code (*i.e.*, the "I.R.C.") *may* fall within these definitions.  However, do other statutory provisions outside the I.R.C. also fall within the purview of 28 U.S.C. § 1346(a)(1) and the *Flora* rule? However, where there lacks judicial fairness and internal mishaps, the rules or procedure should be reviewed de novo.

For example, in 2018, the Third Circuit Court of Appeals *hinted* that FBAR penalties (located in Title 31) *may* fall within the reach of 28 U.S.C. § 1346(a)(1). *See Bedrosian v. U.S.*, 912 F.3d 144, 149 (3d Cir. 2018).  If this position were accepted by all federal courts, taxpayers subject to "willful" FBAR penalties—often up to 50% of the highest account balance of the foreign account—would find it much more difficult to seek judicial review of the FBAR penalty assessment. This pales in comparison to minority groups, English Language Learners, and impoverished groups.

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY…" 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.

7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

The United States Court of Federal Claims recently issued a decision flatly rejection the Third Circuit's *Bedrosian* decision. Specifically, on April 7, 2021, the court issued its decision in *Mendu*, which held that FBAR penalties are not subject to the *Flora* rule because FBAR penalties are not internal-revenue laws or internal-revenue taxes within the scope of 28 U.S.C. § 1346(a)(1). *See Mendu v. U.S.*, No. 17-cv-738-T (Fed. Cl. Apr. 7, 2021). Within the IRS decisional writing, the suggestion is that the Plaintiff should succumb to penalties and taxes associated with the absent use of administrative and statutory rules, and how would these processes lend itself to judicial fairness?

The Court of Federal Claims' jurisdiction over illegal exaction claims under the Tucker Act is apparent because the court has jurisdiction over illegal exaction claims "when the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Aerolineas Argentinas v. U.S.*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) (internal quotes omitted). Although the Tucker Act provides the Court of Federal Claims with jurisdiction over illegal exaction claims, the Court of Federal Claims has also recognized that such claims related to federal taxes must also meet the *Flora* rule. This ensures that taxpayers cannot work around the *Flora* rule, which would otherwise govern in federal district court proceedings.

The problem is, if the government illegal removed payments, "tax returns" from the Plaintiff in the absence of processes how the actions of the IRS removal for subsequent years 2016 through the present align with the Flora Rule, if reportedly, the 2016 amendment reports subsequent tax return of $ 616.0 dollars. Regarding the structure and purpose of FBAR penalties, the court first recognized that FBAR penalties are housed in Title 31 of the United States Code. The court concluded this placement by

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY..." 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.
7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. § 553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

Congress was significant and "not a mere technicality." Indeed, the court further recognized that the Internal Revenue Code had been initially created by Congress in an effort "to consolidate and codify *the internal revenue laws* of the United States." Internal Revenue Code of 1939, ch. 2, 53 Stat. 1 (emphasis mine). Moreover, the court noted that FBAR penalties, unlike civil penalties under the I.R.C., contain no statutory cross-references that equate "penalties" with "taxes". *See, e.g.,* 26 U.S.C. § 6201(a).

Therefore, any subsequent penalties affixed and removed as taxes owed violated the property and civil rights of the Plaintiff. In addition, the court found that the Supreme Court's decisions in *Flora I* and *Flora II* were distinguishable from the case at hand. With respect to *Flora I*, the court noted that the Supreme Court had disapproved of a taxpayer's efforts to miss the Tax Court filing deadline but then subsequently file a refund claim based on only a partial payment of the federal income tax. In this regard, the Supreme Court indicated that 28 U.S.C. § 1346(a)(1) was not intended to alter the historical practice that a taxpayer must "pay first and litigate later." *Flora I*, 357 U.S. at 63-64. If in fact true, then subsequent requests for the return of penalties and interest assessed should have been returned upon request.

In re Mendu: The Court of Federal Claims concluded that FBAR penalties were not subject to the *Flora* rule because they were not "internal-revenue laws" or "internal-revenue taxes" under 28 U.S.C. § 1346(a)(1). In so concluding, the court held that although "[i]t may be accurate that every internal-revenue law is not necessarily contained in Title 26 . . . Congress's specific placement of the FBAR in Title 31, the stated purpose of Congress chose not to employ traditional tax collection procedures to recover FBAR penalties collectively demonstrate that Congress did not intend to subject FBAR penalty

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY..." 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.
7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

suits to the *Flora* full payment rule." Where there is an absence of the rules administrative and statutory laws, the Flora rule should not prevail.

    28 U.S.C. § 1346(a)(1), argued that "[t]he term 'any' should be given [a] broad construction under the settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect." Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1554 (11th Cir. 1996) (citing United States v. Nordic Village, 503 U.S. 30, 36 (1992) (internal citations omitted)). Assuming a broad construction of the term "any," we contended that the contested credits were analytically distinct from the uncontested employer taxes. The two taxes come from different chapters in Title 26 of the United States Code ("IRC"), with separate analyses and calculations.

    Because of the ambiguity of the case, the rule prevails, and without fair hearings, appeals and appropriate processes, due process and all else were eroded by internal IRS procedures.

    Respectfully,

*Maketa S. Jolly M.Ed., ABD*

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY..." 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.
7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).

---

THE APA PROVIDES THAT "ADJUDICATION" MEANS "AGENCY PROCESS FOR THE FORMULATION OF AN ORDER," WHERE AN "ORDER" MEANS "THE WHOLE OR A PART OF A FINAL DISPOSITION…OF AN AGENCY IN A MATTER OTHER THAN RULE MAKING BUT INCLUDING LICENSING." IT DEFINES "RULE MAKING" AS "AGENCY PROCESS FOR FORMULATING, AMENDING, OR REPEALING A RULE" AND A "RULE" AS "THE WHOLE OR A PART OF AN AGENCY STATEMENT OF GENERAL OR PARTICULAR APPLICABILITY AND FUTURE EFFECT DESIGNED TO IMPLEMENT, INTERPRET, OR PRESCRIBE LAW OR POLICY OR DESCRIBING THE ORGANIZATION, PROCEDURE, OR PRACTICE REQUIREMENTS OF AN AGENCY..." 5 U.S. CODE §551(5)-(7). SEE ALSO ATTORNEY GENERAL'S MANUAL ON THE ADMINISTRATIVE PROCEDURE ACT (1947) AT 14-15. AS DISCUSSED BELOW, AGENCIES MAY ALSO ISSUE OR RESCIND MEMORANDA OR GUIDANCE THAT IS NOT SUBJECT TO THE SAME PROCEDURAL REQUIREMENTS AS RULEMAKING.

7 5 U.S.C. §§556-57.
8 5 U.S.C. §553(C).
9 5 U.S.C. §553 (B)-(C).
10 SEE, E.G., EXEC. ORDER NO. 12,866 (1993).